The record stated this action to have commenced by a warrant of distress, issued by Grandy, the landlord, directed to the sheriff of Pasquotank, requiring him to go on the land where Dalgleish lived and to distrain so much of the property of said Dalgleish as would satisfy Grandy for one year's rent in arrear, being £ 150, and to cause the property so distrained to be appraised and sold after the expiration of five days, except they should be replevied; in pursuance of which warrant the sheriff distrained sundry articles of property belonging to Dalgleish, which were replevied. The warrant of distress and replevy bond (250) were returned to the next court of pleas and quarter sessions held for said county. The defendant, Dalgleish, appeared by his attorney and pleaded "nil debet, payment and set-off, tender, refusal, release, and satisfaction, with leave to give the special matter in evidence"; and at September Term, 1796, a jury being impaneled, found for the plaintiff, Grandy, and assessed his damages to £ 150 and costs; the defendant's attorney then moved in arrest of judgment, and filed his reasons, viz.: That the verdict is contrary to the bill of rights, the Constitution, and the law of the land. That the proceedings are illegal and irregular as they appear on the record, and that even supposing the verdict could be justified by the Constitution and laws of the county, the plaintiff showed no cause of action; which reasons being overruled, the defendant then prayed a writ of error, which was granted, and the cause brought up to the Superior Court.
It does not appear from the record that any errors were assigned; but if they were, they must have been the same in substance and effect with the reasons in arrest of judgment. The question in this case was, whether the remedy elected by Grandy to recover the rent said to be due to him by Dalgleish was a legal and constitutional one or not.
There being no laws in force in this State regulating proceedings on a warrant of distress for rent, I am of opinion that the judgment of the county court be reversed.